Argued March 21; affirmed April 16; rehearing denied
May 21, 1935

# RUPPERT v. HOYT

(43 P. (2d) 183)

C. M. *Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*Maurice E. Tarshis,* Deputy District Attorney, of Portland (James R. Bain, District Attorney, and Wm. C. Ralston, both of Portland, on the brief), for respondent.

RAND, J.  The plaintiff, a corporation organized under the laws of the state of New York and doing business in the city of New York, appeals from a judgment of nonsuit given against it upon the ground that it had failed to prove a cause sufficient to be submitted to the jury.  In an action brought in the district court for

Multnomah county, wherein one J. S. Phalen was plaintiff and this plaintiff was defendant, Phalen recovered judgment against this plaintiff for the sum of $525.65. Pursuant to garnishment proceedings then pending in said court and cause, the West Coast Brokerage Company paid to the clerk of said district court the said sum of $525.65, and pursuant to the judgment and order of said court directing him to apply said sum in satisfaction of the judgment, he paid the same to the attorneys representing the plaintiff in said action.

George W. Hoyt, the defendant herein, was the clerk of said court and the person who made said payment from the moneys so in his custody.

Subsequent to the making of said payment, an appeal was taken from said judgment to the circuit court for said county and the same was reversed. This action was brought to recover from the defendant, the clerk of said court, the moneys thus paid.

In the present action, the learned trial court held that this defendant, the clerk of said court, having paid said sum in good faith and in compliance with the judgment and order of the court, was not personally liable to the plaintiff in this action for the moneys thus paid.

That the defendant is not personally liable to the plaintiff in this action for moneys paid out by him while acting in his official capacity in accordance with the judgment and order of the court is well settled. It was so held in *McFadden v. Swinerton,* 36 Or. 336, 354 (59 P. 816, 62 P. 12). In that case a decree had been entered which was afterwards reversed upon appeal and, while the appeal was pending, the clerk of the court paid out the fund in his custody to the several claimants

in accordance with the decree of that court and it was held that:

"The right of appeal did not suspend the enforcement of the decree, nor justify the custodian of the fund in refusing to disburse it in accordance therewith. The court below might very properly have made an order directing the clerk to retain possession of the fund a sufficient length of time to enable the appellants to perfect an appeal. It did not do so, however; hence the clerk could, without incurring any personal liability, in good faith pay over the fund to the parties entitled to it under the decree: Hovey v. McDonald, 109 U. S. 150 (3 Sup. Ct. 136, 27 L. Ed. 888); Keck v. Allender, 42 W. Va. 420 (26 S. E. 437). But, if the money was paid out before the appeal, the appellants are entitled to recover from the other parties whatever was wrongfully distributed to them. Where a judgment or decree is modified or reversed on appeal, the appellant is entitled to restitution of all that he has lost under it."

A like rule prevails in other jurisdictions. See 11 C. J., p. 898, where it is said:

"But the clerk incurs no personal liability for paying out a fund in accordance with the court's decree, although an appeal is pending therefrom, unless the court directs him to retain it."

See also authorities there cited.

From this it follows that the granting of a motion for nonsuit in the instant case was proper and that the judgment must be affirmed.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.